**Pennsylvania Academy of Fine Arts v. Grant**

*Miles H. Shore,* for plaintiff.
*Jeffrey R. Lerman,* for defendant.

LEHRER, *J.,* March 9, 1990 — Before the court is plaintiff's motion for summary judgment.

The instant dispute arises out of a lease agreement entered into by defendants as landlord and plaintiffs as the assignees of the tenants, Mellon Bank (East) N.A., for premises located at Cherry Street and North Carlisle Street in Philadelphia, Pennsylvania.

The lease contained an option to purchase the premises. It is undisputed that the lease required written notice by plaintiff of the exercise of the option prior to expiration on January 30, 1989.

It is also undisputed that plaintiff's written notice of the exercise of the option was deposited in the U.S. mail, postage prepaid, certified mail, return receipt requested on January 30, 1989.

The general rule is that the exercise of lease hold option is effective upon receipt, however, this is a qualified rule which only applies in the absence of a contrary intention expressed by the parties. The Restatement (Second) of Contracts, §63, comment F in pertinent part states:

"Option contracts are commonly subject to a definite time limit, and the usual understanding is that . . . notification that the option has been exercised must be received by the offeror before that time. Whether or not there is such a time limit, *in the absence of a contrary provision in the option contract,* the offeree takes the risk of loss or delay in the transmission of the acceptance and remains free to revoke the acceptance until it arrives . . . '" (emphasis supplied)

See also, Williston Contracts, §83 (3d ed. 1951), and 1A Corbin Contracts, §264 (1963). The Pennsylvania Supreme Court adopted this proposition in *Chanoff v. Fiola,* 440 Pa. 424, 271 A.2d 285 (1970) in which the court found that a purchaser had timely exercised an option to extend a sales agreement by posting a check in the mail the day before expiration, even though the check was not received until after the initial offer expired.

Section 801 of the lease states:

*"Notices:* All notices hereunder shall be in writing and shall be delivered or mailed by certified or registered mail . . . "

The lease terms are clear. This is the prescribed manner by which plaintiff was to exercise the option. There is no language in the lease which provides that notice is effective upon receipt. Plaintiff has validly exercised the option by mailing notice by certified mail, pursuant to section 801, before the expiration date.

Defendant argues that plaintiff forfeited the right to exercise the option to purchase because plaintiff was not in compliance with all of the lease terms at the time of the notice. Defendant alleges that plaintiff was in material breach of the lease because of "tax irregularities" (premises were operated as a parking lot garage) and violations of federal environmental laws (existence of an underground gasoline tank).

We find the term "material breach" inapplicable here for the following reasons. There exists, to date, no citations or legal action of any kind against defendant concerning the alleged environmental breaches. Only a potential liability is alleged by defendant, without evidence of its probability. In addition, the potential liabilities (environmental) would come to fruition after the expiration of the

lease. As such, the new owner would be responsible to the Governmental Regulatory Agency jointly with the previous owner.

The "tax irregularities" noted by defendant refer to use and occupancy taxes levied on the previous tenant. Under section 19-1806(5)(b) of the Philadelphia Code, a landlord's tax liability arises only in the event that the landlord fails to file a timely return. Landlord easily avoids liability by filing a return. Tenant's non-payment does not impose liability on landlord.

Plaintiff is not in material breach of the terms of the lease and, therefore, was able to validly exercise the option to purchase.

## ORDER

And now, March 9, 1990, upon consideration of plaintiff's motion for summary judgment and defendant's response, and it appearing that there are no genuine issues of material fact in dispute and that plaintiff is entitled to judgment as a matter of law; it is hereby ordered that:

(1) The motion for summary judgment is granted;

(2) Plaintiff is in full compliance with all of its duties and obligations under the lease; that it acted in good faith; that the refusal of the defendant to acknowledge plaintiff's exercise of the option to purchase is a material breach of the lease;

(3) That plaintiff timely exercised its option to purchase the premises;

(4) That defendant is required to sell the premises to plaintiff for the purchase price of $850,000, in accordance with the lease.

It is further ordered that:

(5) Defendant shall specifically perform the option purchase;

(6) Defendant shall execute and deliver to plaintiff a deed conveying to plaintiff clear and marketable title to the premises pursuant to the terms of the lease, upon the tender by plaintiff to defendant of the purchase price of $850,000;

(7) The prothonotary shall execute the deed on behalf of defendant if she fails to do so as ordered by the court;

(8) Defendant is enjoined from transferring or encumbering the premises in any way except as ordered by this court.